JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL EVERETT,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE BAR OF CALIFORNIA,<br><br>        Defendant. | Case No. 2:21-cv-09688-FLA (AGRx)<br><br>**ORDER OF REMAND** |

## **INTRODUCTION**

Petitioner Daniel Everett ("Everett" or "Petitioner") seeks to remove a disciplinary matter pending in State Bar Court, Case No. SBC 19-O-30733, to this court. Dkt. 1 ("Pet."). For the reasons set forth below, the court ORDERS the matter remanded to State Bar Court.

## **BACKGROUND**

According to the Petition and documents attached thereto, Petitioner is subject to pending California State Bar disciplinary proceedings in State Bar Court, Case No. SBC 19-O-30733. Pet. 3-5; Ex. 1 to Petition. The Second Amended

Notice of Disciplinary Charges[1] filed December 11, 2020 alleges numerous violations of statutes and rules of professional conduct. Trial was set to commence in State Bar Court on December 8, 2021, thus Petitioner appears to have removed this action midway through trial. *See* Ex. 2 to Petition; Dkt. 8.

## ANALYSIS

A district court may remand an action on its own motion for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see State Bar of Cal. v. Everett*, 2017 U.S. Dist. LEXIS 134348, *3-*4 (N.D. Cal. Aug. 22, 2017), *aff'd*, 2018 U.S. App. LEXIS 1754 (9th Cir. Jan. 23, 2018).

Under 28 U.S.C. § 1443 ("Section 1443"), civil rights cases can be removed to federal court "where the party is asserting a federal claim of race discrimination that cannot be enforced in the state courts." *Deutsche Bank National Trustee Co. v. Cutlip*, No. 17-cv-1416-HRL, 2017 WL 1032218, at *2 (N.D. Cal. Mar. 17, 2017). The petition for removal under Section 1443 must satisfy a two-part test: "'First, the petitioner[] must assert, as a defense to the prosecution, rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights.'" *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (citation omitted). "'Second, petitioner[] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.'" *Id.* (citation omitted).

Here, Petitioner alleges the court has jurisdiction under Section 1443. *See* Pet. 7. Even assuming Petitioner could satisfy the first prong of the test articulated

---

[1] The court takes judicial notice of the filing of the Second Amended Notice of Disciplinary Charges, available online at www.statebarcourt.ca.gov. *See* Fed. R. Evid. 201.

2

in *Patel*, Petitioner does not cite any state statute or constitutional provision that commands the State Bar Court to ignore Petitioner's racial civil rights.  *See Everett*, 2017 U.S. Dist. LEXIS 134348, at *5-*6.  Indeed, several courts have held that a state bar disciplinary proceeding is not removable under the federal removal statutes.  *See, e.g.*, *Supreme Court of Cal. v. Ringgold*, 2020 U.S. Dist. LEXIS 159164, *2 (C.D. Cal. Sept. 1, 2020) ("There is no basis for … removing the state disciplinary proceedings to federal court and this Court does not have jurisdiction over it."); *Liberty v. State Bar of Cal.*, 2016 U.S. Dist. LEXIS 6745, *2 (N.D. Cal. Jan. 19, 2016) (same); *Alaska Bar Ass'n v. Dickerson*, 240 F. Supp. 732, 734 (D. Alaska 1965) (same).

Finally, the court notes Petitioner also failed to timely remove.  Under 28 U.S.C. § 1446(b)(3), a notice of removal must be filed within 30 days after receipt of an amended pleading "from which it may first be ascertained that the case is one which is or has become removable."  Plaintiff waited over one year since the Second Amended Notice of Disciplinary Charges was filed, and during trial proceedings scheduled to commence in December 2021.

It is therefore ORDERED that this matter is remanded to the State Bar Court.  The Clerk is directed to promptly transmit the order of remand to the Clerk of the California State Bar Court.

Dated:  December 21, 2021

                                        FERNANDO L. AENLLE ROCHA  
                                        United States District Judge